THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE SHEARER, Defendant.

County Court, Kings County, October 4, 1938.

*William F. X. Geoghan, District Attorney* [*Edward Levine* of counsel], for the plaintiff.

*Singer & Singer*, for the defendant.

BRANCATO, J. The above-named defendant moves for a dismissal of the indictment presented against him by the September grand jury of Kings county and challenges the validity of its actions, upon the grounds that one of the members of said grand jury was a woman and, therefore, because of her sex, disqualified and ineligible to act as a member of that grand body. The sworn statement of Mrs. Julia Coblens, the grand juror in question, around whom is centered this *casus belli*, was filed April 22, 1938, in the office of the commissioner of jurors in Kings county and reads in part as follows: " I do not claim to be exempt or disqualified from jury service." Defendant bases his claim upon the provisions of subdivision 4 of section 267-cc of the Code of Criminal Procedure, as added by chapter 552 of the Laws of 1938, in effect April 7, 1938, and of section 720 of the Judiciary Law which, he contends, disqualify a woman for grand jury service.

The qualifications of grand jurors pursuant to subdivision 4 of section 267-cc of the Code of Criminal Procedure, as far as they are applicable to the issue herein presented, are, that said grand jurors be " possessed of the qualifications required by law of persons to serve as jurors for the trial of issues of fact and *not exempt* from serving as such jurors." (Italics mine.) Section 720 of the Judiciary Law, referring to clergymen, physicians, lawyers and others, including women, states that each of these named individuals, " although qualified, is *entitled* to exemption from service as a trial juror *upon claiming* exemption therefrom." (Italics mine.) It is defendant's contention that, since a woman is entitled to exemption from the service as trial juror, she is, therefore, disqualified for membership in a grand jury by the provisions of section 267-cc above quoted.

I cannot agree with defendant's contention which tends to frustrate the policy adopted by the 1937 and 1938 Legislatures of this State, by erroneously construing the word " exempt " used in the statute under consideration.

Any citizen of the United States residing in Kings county, male or female, and possessing the qualifications demanded by section 686 of the Judiciary Law, acquires the right to serve as a trial juror and likewise the corresponding obligation, a duty which the courts are empowered to enforce by the imposition of certain prescribed penalties upon delinquents in said duty. (Code Crim. Proc. § 229-k.) All such qualified citizens have the right to serve as trial jurors. But the Judiciary Law, by section 720 thereof, because of their occupation, position, profession or sex, makes a woman and those mentioned in said section *eligible* for exemption from trial jury service, an exemption which can, in fact, be attained if the person affected thereby claims it. Section 720 of the Judiciary Law does not disqualify but confers a privilege or favor. " An exemption from service on a jury is not a cause of challenge, but the privilege of the person exempted." (Code Crim. Proc. § 379.) The individuals referred to in the statute are each *entitled* to exemption. They can accept it or reject it. To be exempt they must exercise the option of claiming it. " Upon claiming exemption," reads the statute, and not otherwise, and this claim for exemption must be evidenced by filing a certificate or affidavit therefor with the commissioner of jurors who is required to keep it as a public record. (Judiciary Law, §§ 721, 722.)

Now, the qualification mentioned in subdivision 4 of section 267-cc of the Code of Criminal Procedure, affecting grand jurors, is that they be " not exempt " from serving as trial jurors and refers to the exemption contemplated by section 720 of the Judiciary Law. It

disqualifies from grand jury service not all women, clergymen, physicians and others who " are entitled " to exemption from serving as trial jurors, but only those who *are* exempt, *i. e.*, those who are entitled or eligible for exemption and who have, in fact, claimed exemption as required by sections 721 and 722 of the Judiciary Law. The statute requires that the grand juror must be " not exempt " from trial jury service, *i. e.*, he must be in all respects subject to service as a trial juror. Hence, if a woman not only does not claim exemption but definitely waives it, as in the case at bar, she assumes the same responsibilities and is entitled to the same prerogatives as those male trial jurors who do not come within the purview of the provisions of section 720 of the Judiciary Law, and she is, therefore, qualified for grand jury service.

When determining the meaning of a statute, the legislative intent is a primary consideration in order to effectuate it to the fullest extent. The general purpose and spirit underlying the enactment of a statute are also material considerations in determining the meaning which shall be attached to its language. " Consequences cannot alter statutes, but may help to fix their meaning. Statutes must be so construed, if possible, that absurdity and mischief may be avoided." (*Matter of Rouss*, 221 N. Y. 81, 91.) What the intent of the Legislature was when it enacted subdivision 4 of section 267-cc of the Code of Criminal Procedure in question, in effect April 7, 1938, we may also gather from the different acts of the Legislature which are *in pari materia.* If we, therefore, examine briefly the legislative enactments effected within the past year relative to the subject of the eligibility of women to serve as grand jurors, the conclusion is impelling that the Legislature has definitely manifested its intent to enact progressive legislation designed to give to women the right to serve as jurors and grand jurors and that it was further the policy of the State that such legislation be given State-wide application.

The Legislature amended sections 502, 598 and 686 of the Judiciary Law, effective September 1, 1937, which, until said date, had conceded to men, only, the right to jury service. By this amendment, women, for the first time, became eligible as trial jurors. This law is now uniformly applicable to all women throughout the State. (*Gerry* v. *Volger*, 252 App. Div. 217.) Six months later, March 26, 1938, the Legislature again evidenced its intent to qualify the female sex for grand jury service, and on that date became effective the amendment to section 13 of the Civil Rights Law which prohibits the disqualification of any one from grand or petit jury service because of race, creed or color. By reason of this amendment, said section 13 of the Civil Rights Law now further

provides similar penalties for such disqualification by adding " sex " as another of the forbidden causes. This statute has uniform application in this State. Consistent with this amendment to the Civil Rights Law, the following month, April 7, 1938, the Legislature effected an amendment to section 223 of the Code of Criminal Procedure. Prior to this date, a grand jury was defined by statute as " a body of *men*, returned at stated periods from the citizens of the county," etc. The amendment to this section of the Code of Criminal Procedure changed the definition of a grand jury to " a body of *persons*, returned at stated periods from the citizens of the county," etc. (Italics mine.) We thus again see the legislative intent that grand juries throughout the State should uniformly be constituted of members of both sexes. Finally, on this same day, April 7, 1938, the Legislature specifically repealed section 229-c of the Code of Criminal Procedure which had therefore disqualified from grand jury service men and women who were exempt from jury duty by section 720 of the Judiciary Law. The significance of this repeal is again another indication of the uniformity by which the Legislature intended that women be eligible for service on grand juries.

In view of this consistent and uniform legislation of State-wide applicability, it is difficult to find a plausible reason or motive why sections 267-aa, 267-bb and 267-cc of the Code of Criminal Procedure should be so construed as to indicate a legislative intent to discriminate against the women of one part of the State. If defendant's claim be correct, the women of Kings county, Bronx county and New York county are ineligible for grand jury service and the Legislature has withheld from them a right which it accorded to all women in every other part of the State. It further produces the absurd result that the women residing in one part of the city of New York (Brooklyn, Manhattan and the Bronx) are deprived of a right conceded by the same legislative act to the women residing in another part of the same city (Queens and Richmond). " It is hard to conceive of a quicker or more effective way to bring confusion and uncertainty into our jury system and thus destroy its chief purpose, than for the Legislature to adopt a plan whereby women would serve as jurors in one county and be denied that privilege in counties adjoining. It is our view that a result so manifestly unwise and so offensive to sound public policy was never intended by the Legislature." (*Gerry* v. *Volger, supra.*)

Motion denied. Submit order.